United States Court of Appeals
Fifth Circuit

**F I L E D**

**June 27, 2007**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

---

No. 06-30470
Summary Calendar

---

ALVIN B TRUESDALE

                    Petitioner - Appellant

   v.

FREDERICK MENIFEE, UNITED STATES PENITENTIARY POLLOCK, EDWARD F
REILLY, JR

                    Respondents - Appellees

--------------------
Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 1:05-CV-1308
--------------------

Before KING, HIGGINBOTHAM, and GARZA, Circuit Judges.

PER CURIAM:[*]

    Alvin B. Truesdale, federal inmate # 09431-058, appeals the
dismissal of his 28 U.S.C. § 2241 application.  He is serving a
life sentence imposed for convictions for drug-trafficking,
firearms crimes, and maintaining a continuing criminal enterprise
(CCE).  Truesdale challenged the defendants' determination that
he is ineligible for parole because his CCE offense continued
past the November 1, 1987, effective date of the Sentencing
Reform Act (SRA) that abolished parole.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Truesdale contends that the district court's reasons for denying a motion under FED. R. CIV. P. 59 were invalid, that the judgment was not "final" because all his arguments were not addressed and the defendants did not answer, that the district court failed to review the magistrate judge's recommendation de novo, and that dismissal with prejudice for failure to state a claim was improper without an answer and hearing. If we assume, as the district court held, that these claims are cognizable under § 2241, they fail because Truesdale alleges no plausible facts to challenge the district court's critical determination that the CCE offense continued past the effective date of the SRA.

Truesdale also contends that he received ineffective assistance of appellate counsel and that he is actually innocent due to insufficient or unreliable evidence of a CCE or a firearm offense. These contentions directly challenge his conviction and are not cognizable under § 2241 because Truesdale cannot show that the remedy provided by 28 U.S.C. § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; see Reyes-Requena v. United States, 243 F.3d 893, 904 (5th Cir. 2001). The judgment of the district court is affirmed.

Truesdale has moved for recalculation of his sentence, for a telephone or video conference, to hold the appeal in abeyance, and for appointment of counsel. These motions are denied.

JUDGMENT AFFIRMED; ALL MOTIONS DENIED.